# EXHIBIT A

ELECTRONICALLY FILED
11/9/2018 2:59 PM
39-CV-2018-900253.00
CIRCUIT COURT OF
JACKSON COUNTY, ALABAMA
DONNA BARKSDALE, CLERK

| State of Alabama  Unified Judicial System  Form ARCiv-93   Rev. 9/18 | **COVER SHEET**  **CIRCUIT COURT - CIVIL CASE**  (Not For Domestic Relations Cases) | Case Number: 39-  Date of Filing: 11/09/2018 | Judge Code: |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF JACKSON COUNTY, ALABAMA**
**TANYA ARNOLD v. RESTAURANT MANAGEMENT, INC. DBA ARBY'S**

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other
**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING  A ☐ APPEAL FROM DISTRICT COURT  O ☐ OTHER
R ☐ REMANDED  T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☐ YES  ☑ NO
Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** SCH150
Date: 11/9/2018 2:59:55 PM
Signature of Attorney/Party filing this form: /s/ ANDREW ROBERT SCHWARTZ

**MEDIATION REQUESTED:** ☐ YES  ☑ NO  ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES  ☑ NO

DOCUMENT 2

Case 5:18-cv-02041-HNJ   Document 1-1   Filed 12/11/18   Page 3 of 17

ELECTRONICALLY FILED
11/9/2018 2:59 PM
39-CV-2018-900253.00
CIRCUIT COURT OF
JACKSON COUNTY, ALABAMA
DONNA BARKSDALE, CLERK

# IN THE CIRCUIT COURT OF JACKSON COUNTY, ALABAMA

| | | |
|---|---|---|
| **TANYA ARNOLD,** | ) | ***JURY TRIAL IS DEMANDED*** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CASE NO.: _____ |
| | ) | |
| | ) | |
| **RESAURANT MANAGEMENT, INC.** | ) | |

[FICTITIOUS DEFENDANTS: No. 1, whether singular or plural, that entity or those entities who or which had the duty to maintain the cleanliness and safe condition of the flooring at the store in question in this lawsuit; No. 2, whether singular or plural, that entity or those entities who or which had a duty to warn and failed to warn had a duty to issue and failed to issue or issued inadequate warnings or instructions, regarding water, substance or some other liquid that was hazardous to Tanya Arnold and other patrons in the store in question in this lawsuit; No. 3, whether singular or plural, that entity or those entities who or which had a duty to inspect the floor in question and at issue in this lawsuit for hazards, hidden defects or dangerous conditions on or about the flooring materials or floor used for travel by the store patrons in the store in question and at issue in this lawsuit; No. 4, whether singular or plural, that entity or those entities who or which placed, allowed or caused the water or other liquid or substance to be present on the floor in question and at issue in this lawsuit and was hazardous and caused injury and damages to the above-named Tanya Arnold; No. 5, whether singular or plural, that entity or those entities which provided general liability or premises liability or medical payment coverage to the store in question and at issue in this lawsuit; No. 6, whether singular or plural that entity or those entities who or which conducted safety inspections or analyses or provided consulting services pertaining to the flooring materials present in the store in question and at issue in this lawsuit; No. 7, whether singular or plural, that entity or those entities who or which had a duty to insure or ensure the safety and security of Plaintiff, Tanya Arnold, while at the premises involved in the occurrence made the basis of this suit; No. 8, whether singular or plural, that entity or those entities who or which were involved to any degree in providing safety and security to Plaintiff in connection with the occurrence made the basis of Plaintiff's complaint; No. 9, whether singular or plural, that entity or those entities who or which controlled and/or had a duty to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence which caused injury and damage to Plaintiff and which is at issue and the basis of this lawsuit; No. 10, whether singular or plural, that entity or those entities who or which controlled or had the right to control the access or ingress and/or egress to the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence; No. 11, whether singular or plural, that entity or those entities other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit; No. 12, whether singular or plural, that entity or those entities which reinsured or provided excess coverage; No. 13, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; No. 14, being that person, firm, partnership or corporation who contracted with any named defendant to provide training or supervision of its employees in the proper maintenance

of its premises as alleged herein;  No. 15, being that person, firm, partnership or corporation who owned or operated the premises causing the injuries to Plaintiff as alleged in the complaint; No. 16, being that person, firm, partnership or corporation who contracted to any named defendant to provide training or supervision to its employees in the proper maintenance of its premises as alleged herein; No. 17, being the person, firm, partnership or corporation who is a successor or predecessor in interest to any named or fictitiously identified defendant; No. 18, being the person, firm, partnership or corporation charged with the overall hiring, training and supervision of the employees or contractors who or which were charged with the duty or contracted to assume said duty of cleaning, inspecting, maintaining, and operating the section or department of the store in question and at issue in this lawsuit and whose breach of duty caused or contributed to cause the injuries and damages to Plaintiff, Tanya Arnold, as alleged in this lawsuit; Plaintiff avers that the identities of the Fictitious Party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party Defendants are not known to Plaintiff at this time, but their true names will be substituted when ascertained],

**Defendants.**                                              **)**
                                                             **)**

## COMPLAINT

### PARTIES AND VENUE

1.     Plaintiff, Tanya Arnold, is an individual resident citizen of the State of Alabama and is over the age of nineteen (19) years of age.

2.     Defendant, Resaurant Management, Inc. is a domestic corporation with its principal place of business in Jackson County, Alabama.  Upon information and belief, the Arby's located at 24751 John T. Reid Parkway, Scottsboro, AL is a wholly owned subsidiary of Resaurant Management, Inc.  At all times referred to herein, Resaurant Management, Inc. was doing business as "Arby's."

3.     Fictitious Defendants, described above as numbers one (1) through eighteen (18), are those persons or entities whose names will be substituted upon learning their true identities.

4.     Venue is proper in Jackson County pursuant to Ala. Code § 6-3-2 (a)(3) considering that the Plaintiff is a resident of Jackson County, and the occurrence giving rise to this suit occurred within the County.

### FACTUAL BACKGROUND

5.     On or about the 19th day of June, 2017, Plaintiff was a patron at the Arby's store located at 24751 John T. Reid Parkway, Scottsboro, Alabama.

6.     As Plaintiff was walking to the restroom, she slipped and fell due to a hazardous material.

7. The impact from the fall caused the Plaintiff to suffer the following injuries and damages:

   (a) She suffered injuries to various portions of her body, including but not limited to: her legs, neck, and back;

   (b) She suffered aggravations of pre-existing condition(s);

   (c) She has experienced and continues to experience pain and suffering and is reasonably certain to experience pain and suffering in the future;

   (d) She has experienced and continues to experience mental anguish and is reasonably certain to experience mental anguish in the future;

   (e) She was permanently injured, disfigured and damaged;

   (f) She was caused to incur personal injury medical expenses for treatment from various doctors, physicians, and hospitals;

   (g) She was caused to incur out-of-pocket medical expenses;

   (h) She is reasonably certain to incur personal injury medical expenses in the future;

## COUNT ONE- NEGLIGENCE AND WANTONNESS

8. Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

9. On or about the 19th day of June, 2017, Plaintiff was eating at Arby's and therefore qualifies as a business invitee.

10. Defendant Resaurant Management, Inc. doing business as "Arby's" and one or more of the fictitious party defendants listed and described hereinabove (hereinafter referred to as "Defendants"), negligently, recklessly and/or wantonly cleaned during business hours, while customers were present, causing the floor to become wet and slippery.

11. Defendants knew, or should have known, that injury was likely to occur as a result of the wet floor. Additionally, Defendants allowed the floor to become, and remain, wet with a conscious disregard for the safety of customers.

12. As a result of Defendants' negligence, wantonness and/or recklessness, Plaintiff slipped on the wet, slippery substance, fell to the ground and suffered injuries as described above, herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant Resaurant Management, Inc. doing business as "Arby's" and Fictitious Party Defendants listed and described in the caption hereinabove, for general and compensatory damages that the court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it award punitive damages to Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and/or omissions and which will effectively prevent other similar wrongful acts/omissions.

## **COUNT TWO – PREMISES LIABILITY**

13. Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

14. On or about the 19th day of June, 2017, Plaintiff was eating at Arby's and therefore qualifies as a business invitee.

15. Defendants negligently, recklessly and/or wantonly caused or allowed a clear slippery substance to be placed or to remain upon the floor in an area that was used by its patrons or invitees to move around the store, causing Plaintiff to fall and suffer injury, as described above, herein.

16. At the aforesaid time and place, Defendants were the owners or lessees of the property and as such had a duty and responsibility to provide Plaintiff a safe place to eat.  If any defects in their owned or leased premises existed, Defendants had the duty to warn its patrons and/or invitees of hazards of which it/they knew, or should have known in the exercise of due care, were not easily discoverable by the invitees.  Defendants negligently, wantonly, recklessly and/or willfully breached these duties by failing to warn Plaintiff of the hazard and/or defect which was known to them or which they negligently failed to detect in their use, operation and maintenance of and upon the premises.  Said negligent, wanton, reckless and/or willful conduct was a proximate cause of Plaintiff's injuries and damages.

17. Defendants were owners or lessees of the property at issue and, as such, said defendants had the right to and did control the conditions, methods and manner in which the premises was inspected, maintained and configured and the flooring materials, cleaning materials, polishing materials, methods and schedule for cleaning, inspecting and maintaining said floors and for establishing patterns and routes for its patrons and/or invitees to ambulate and/or travel around and about the store therein and about said store and premises at the time and place of the occurrence made the basis of Plaintiff's complaint and negligently and/or wantonly caused or allowed Plaintiff to be injured as a result of the breach of the duties that Defendants owed to Plaintiff in causing or allowing the floors upon which Plaintiff fell to be unreasonably slick and/or hazardous due to the clear liquid substance being present upon the flooring and causing a hazard, either in and of itself or in conjunction with the cleaning, polishing or other substances used upon the floor or through the schedule of said cleaning or lack of said scheduled cleaning.  Defendants negligently, wantonly, recklessly and/or willfully failed to properly control the conditions, methods and manner in which the floor was maintained and presented to the patrons or invitees for their use in ambulating and/or traveling about the store as they ate and said negligent, wanton, reckless and/or

willful conduct was a proximate cause of Plaintiff's injuries and damages.

18. Defendants negligently, wantonly, recklessly and/or willfully caused or allowed the slippery clear liquid to remain in a main travel area in close proximity to the meat department and failed to remedy the hazardous situation and/or address the unreasonably dangerous area, and Defendants had actual knowledge of the hazardous condition or said hazardous condition had existed for such an unreasonable length of time so as to create a presumption of knowledge of such hazardous area on the part of said Defendants.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant Resaurant Management, Inc. doing business as "Arby's" and Fictitious Party Defendants listed and described in the caption hereinabove, for general and compensatory damages that the court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it award punitive damages to Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and/or omissions and which will effectively prevent other similar wrongful acts/omissions.

## COUNT THREE – NEGLIGENT, RECKLESS, AND WANTON SUPERVISION AND TRAINING

19. Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

20. Defendants were under an obligation and duty to train their employees to make sure that there are not hazards present so as not to cause any unreasonable dangers for customers of the store.

21. Defendants were under an obligation and duty to train and supervise store employees to properly inspect the commercial areas or areas accessible to their patrons or invitees so that there are no dangerous conditions not readily discoverable to their patrons or invitees.

22. Defendants negligently, wantonly, and recklessly failed to properly train employees to inspect and to keep the store area free and clear of dangerous conditions. Defendants' failure to properly train its employees directly resulted in Plaintiff's injuries as described herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant Resaurant Management, Inc. doing business as "Arby's" and Fictitious Party Defendants listed and described in the caption hereinabove, for general and compensatory damages that the court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it award punitive damages to Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and/or omissions and which will effectively prevent other similar wrongful acts/omissions.

## COUNT FOUR – FICTITIOUS DEFENDANTS

23. Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

24. Fictitious Party Defendants identified and described hereinabove, whether singular or plural, are those other persons, firms, corporations, partnerships or entities whose wrongful conduct caused or contributed to cause the injuries or damages to Plaintiff.

25. As a proximate result of said negligence, intentional conduct, willfulness and/or wantonness of said Defendants, Plaintiff was caused to be injured and damaged as described above, herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Fictitious Party Defendants listed and described in the caption hereinabove, for general and compensatory damages that the court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it award punitive damages to Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and/or omissions and which will effectively prevent other similar wrongful acts/omissions.

Respectfully Submitted,

/s/ Andrew R. Schwartz

_____
Andrew R. Schwartz        (SCH150)
Attorney for Plaintiff

**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, Alabama 35222
Phone:          (205) 983-8526
Legal Asst.:    (205) 983-8336
Facsimile:      (205) 983-8626
Email:          aschwartzt@asilpc.com

Plaintiff's Address:

Tanya Arnold
c/o Andrew R. Schwartz
Shunnarah Injury Lawyers, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222

## IN THE CIRCUIT COURT OF JACKSON COUNTY, ALABAMA

| | |
|---|---|
| **TANYA ARNOLD** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )   **CASE NO.:** _____ |
| | ) |
| | ) |
| **RESAURANT MANAGEMENT, INC.** | ) |
| **d/b/a "ARBY'S",** *et al.*, | ) |
| | ) |
|     **Defendants.** | ) |

### PLAINTIFF'S JURY DEMAND

COMES NOW the Plaintiff, Tanya Arnold, and hereby requests a trial by struck jury.

                              Respectfully Submitted,

                              /s/ Andrew R. Schwartz
                              _____
                              Andrew R. Schwartz     (SCH150)
                              Attorney for Plaintiff

**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, Alabama 35222
Phone:       (205) 983-8526
Legal Asst.:  (205) 983-8336
Facsimile:   (205) 983-8626
Email:       aschwartz@asilpc.com

Plaintiff's Address:

Tanya Arnold
c/o Andrew R. Schwartz
Shunnarah Injury Lawyers, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222

## **REQUEST FOR SERVICE BY CERTIFIED MAIL BY CLERK**

Pursuant to ARCP 4.1 and 4.2, Plaintiff requests that the ***Clerk*** direct service of the foregoing "Summons and Complaint" by certified mail, addressed as follows:

Resaurant Management, Inc. d/b/a "Arby's"
24751 John T. Reid Parkway
Scottsboro, AL
35768

/s/ Andrew R. Schwartz
_____
OF COUNSEL



AlaFile E-Notice

39-CV-2018-900253.00

To: ANDREW ROBERT SCHWARTZ
aschwartz@asilpc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JACKSON COUNTY, ALABAMA

TANYA ARNOLD V. RESTAURANT MANAGEMENT, INC. DBA ARBY'S
39-CV-2018-900253.00

The following complaint was FILED on 11/9/2018 3:00:03 PM

Notice Date:    11/9/2018 3:00:03 PM

DONNA BARKSDALE
CIRCUIT COURT CLERK
JACKSON COUNTY, ALABAMA
JACKSON CO COURTHOUSE, SUITE 307
102 EAST LAUREL STREET
SCOTTSBORO, AL, 35768

256-574-9320
Donna.Barksdale@alacourt.gov



AlaFile E-Notice

39-CV-2018-900253.00

To: RESTAURANT MANAGEMENT, INC. DBA ARBY'S
24751 JOHN T. REID PARKWA
SCOTTSBORO, AL, 35768

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JACKSON COUNTY, ALABAMA

TANYA ARNOLD V. RESTAURANT MANAGEMENT, INC. DBA ARBY'S
39-CV-2018-900253.00

The following complaint was FILED on 11/9/2018 3:00:03 PM

Notice Date:    11/9/2018 3:00:03 PM

DONNA BARKSDALE
CIRCUIT COURT CLERK
JACKSON COUNTY, ALABAMA
JACKSON CO COURTHOUSE, SUITE 307
102 EAST LAUREL STREET
SCOTTSBORO, AL, 35768

256-574-9320
Donna.Barksdale@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>39-CV-2018-900253.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF JACKSON COUNTY, ALABAMA**
**TANYA ARNOLD V. RESTAURANT MANAGEMENT, INC. DBA ARBY'S**

**NOTICE TO:** RESTAURANT MANAGEMENT, INC. DBA ARBY'S, 24751 JOHN T. REID PARKWA, SCOTTSBORO, AL 35768

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), ANDREW ROBERT SCHWARTZ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3626 CLAIRMONT AVE S, BIRMINGHAM, AL 35222.

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of TANYA ARNOLD pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 11/9/2018 3:00:03 PM | /s/ DONNA BARKSDALE | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ ANDREW ROBERT SCHWARTZ
*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____ in _____ County,
*(Name of Person Served)*           *(Name of County)*

Alabama on _____ .
*(Date)*

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
|  | *(Server's Printed Name)* | *(Phone Number of Server)* |



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: Midwest Management Inc
   Don-Thomas
   9151 John T Reid Pkwy
   Scottsboro AL 35768
   US 90053 001

9590 9402 4018 8079 9189 62

2. Article Number (Transfer from service label)
   7017 2680 0000 6568 9373

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X [signature]   ☐ Agent
                   ☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☒ Certified Mail®
   ☐ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ ...il
   ☐ ...il Restricted Delivery

   ☐ Priority Mail Express®
   ☐ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☐ Return Receipt for Merchandise
   ☐ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                Domestic Return Receipt



United States Postal Service

USPS TRACKING #

9590 9402 4018 8079 9189 62

Sender: Please print your name, address, and ZIP+4® in this box•

Circuit Clerk, Jackson County
Courthouse
102 East Laurel Street
Scottsboro, AL 35768

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10



AlaFile E-Notice

39-CV-2018-900253.00

Judge: JENIFER C. HOLT

To: SCHWARTZ ANDREW ROBERT
aschwartz@asilpc.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JACKSON COUNTY, ALABAMA

TANYA ARNOLD V. RESTAURANT MANAGEMENT, INC. DBA ARBY'S
39-CV-2018-900253.00

The following matter was served on 11/15/2018

**D001 RESTAURANT MANAGEMENT, INC. DBA ARBY'S**
**Corresponding To**
CERTIFIED MAIL

DONNA BARKSDALE
CIRCUIT COURT CLERK
JACKSON COUNTY, ALABAMA
JACKSON CO COURTHOUSE, SUITE 307
102 EAST LAUREL STREET
SCOTTSBORO, AL, 35768

256-574-9320
Donna.Barksdale@alacourt.gov